IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**RUSSELL D. BALCH,**

    **Plaintiff,**

    v.                                                Case No. 2:08-CV-976
                                                         Judge Holschuh
                                                         Magistrate Judge King

**OHIO DEPARTMENT OF
REHABILITATION & CORRECTION,** *et al.,*

    **Defendants.**

**ORDER and
REPORT AND RECOMMENDATION**

       This matter is before the Court for consideration of Defendants' *Motion for Judgment on the Pleadings*, Doc. No. 62; Plaintiff's *Motion to Compel Discovery*, Doc. No. 59; Defendants' *Motion to Stay Discovery*, Doc. No. 60; Plaintiff's *Motion to Dismiss* Defendants' dispositive motion, Doc. No. 64; and Plaintiff's *Motion* directed to the Clerk of Court, Doc. No. 58. For the reasons that follow, it is **RECOMMENDED** that the Defendants' *Motion for Judgment on the Pleadings* be **GRANTED**. The remaining motions are **DENIED**.

**I.**

       Plaintiff, Russell Balch ["Plaintiff"], a state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleges a state law claim for intentional infliction of emotional distress. The Defendants in this action include various officials of the Ohio Department of Rehabilitation and Correction ["ODRC"], the Corrections

Medical Center ["CMC"], the Belmont Correctional Institution ["BeCI"], and the Grafton Correctional Institution ["GCI"]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

In his *Amended Complaint*, Plaintiff alleges that his left shoulder was injured during his arrest in November 2005. *Am. Complaint*, Doc. No. 19, at ¶ 22. Plaintiff's shoulder was x-rayed during his initial processing by the ODRC in July 2006. *Id.* While plaintiff was incarcerated at the Lorain Correctional Institution, a physician recommended a medical consultation with an orthopedic specialist. *Id.* at ¶ 23. Plaintiff was then transferred to BeCI and underwent an orthopedic consultation at CMC in September 2006. *Id.* at ¶¶ 24-25.

According to Plaintiff, a physician who is not otherwise identified ("Defendant Dr. John Doe # 1") told Plaintiff that, although surgery could repair Plaintiff's shoulder, surgery "would only cause more scar tissue" and that "bone deterioration around the screws could cause them to pop." *Id.* at ¶ 26. During a follow-up appointment with another physician ("Defendant Dr. John Doe # 2"), Plaintiff was advised that his injury was "longstanding . . . [that his shoulder] needs to be re-broken and [that] we do not do cosmetic surgery." *Id.* at ¶ 27. Plaintiff claims that he became "emotionally and mentally ditraut [*sic*] over his shoulder. . . ." *Id.* at ¶ 29.

Plaintiff alleges that he injured his shoulder again while mopping floors at the prison. *Id.* at ¶ 30. Plaintiff was seen by a doctor on March 26, 2007, and was given Tylenol. Plaintiff claims that he received inadequate medical attention in this regard. *Id.* at ¶¶ 31-32. Plaintiff filed a grievance alleging denial of medical care.

Plaintiff was transferred to GCI in August 2007. *Am. Complaint* at ¶ 35. Plaintiff alleges that he injured his shoulder yet again while exercising in the recreation area. *Id.* at ¶ 37.

2

According to Plaintiff, Defendant "Dr. Juan" referred Plaintiff for an orthopedic consultation in November 2007. *Id.* at ¶ 43. In January 2008, Plaintiff consulted with a physician ("Defendant John Doe # 3") who allegedly informed Plaintiff that, "[h]ad surgery been done in 2006 . . . [his] shoulder could have been repaired." *Id.* at ¶ 45. Plaintiff claims, however, that "Dr. Juan" stated that Plaintiff was "not a candidate for surgery." *Id.* at ¶ 47.

In June 2008, Plaintiff received a fourth orthopedic consultation at CMC. A physician ("Defendant Dr. Jane Doe # 4") allegedly advised Plaintiff that surgery on his shoulder could not be done and that Plaintiff should follow-up with physical therapy. *Id.* at ¶ 50. Plaintiff was transported to CMC for physical therapy in July 2008. *Id.* at ¶ 55. The physical therapist allegedly told Plaintiff that surgery would help his shoulder. *Id.* at ¶ 65.

Plaintiff received a fifth orthopedic consultation in September 2008. *Id.* at ¶ 66. A physician ("Defendant Dr. John Doe # 5") allegedly diagnosed Plaintiff as having a "chronic condition." *Id.* at ¶ 70.

Plaintiff claims that for "over [two] years . . . defendants have acted with deliberate indifference to plaintiff's serious medical needs . . . ." *Am. Complaint* at ¶ 74. In particular, Plaintiff claims that his left shoulder has "continuously degenerated" and that surgery should have been performed in 2006. *Id.* at ¶ 77.

## II.

The Defendants move to dismiss Plaintiff's *Amended Complaint* pursuant to Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is resolved by reference to the same standard applicable to a motion to dismiss for a failure to state a claim

under Fed. R. Civ. P. 12(b)(6). *Penny/Olmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). Thus, all the factual allegations in the complaint are accepted as true and a motion for judgment on the pleadings will be granted only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Defendants Collins, DesMarais, Parks, Bradshaw, Viets, Hannah, Eberlin, Nesbett and Reighli move to dismiss Plaintiff's *Amended Complaint* on the basis that Plaintiff cannot establish supervisory liability under 42 U.S.C. § 1983.[1] In his *Amended Complaint*, Plaintiff alleges that these Defendants' "failure . . . to intervene to prevent [the] unconstitutional deprivations" amounts to a violation of Plaintiff's constitutional rights. *Amended Complaint* at ¶ 95. Plaintiff's allegation falls short of the standard for liability under § 1983. Supervisory liability under 42 U.S.C. § 1983 "must be based on something more than the right to control the actions and conduct of subordinate employees." *Jackson v. Gill*, 92 Fed. Appx. 171, 173 (6th Cir. 2004), citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Instead, liability requires a showing that the party acquiesced in allegedly unconstitutional conduct. *Id.*, citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "[L]iability must be based upon

---

[1] Defendant Collins is the former Director of the ODRC; Defendant Dr. DesMarais is the ODRC Medical Service Administrator; Defendant Parks is the Assistant Chief Inspector for ODRC; Defendant Bradshaw is the Warden at GCI; Defendants Viets and Hannah are healthcare supervisors at GCI; Defendant Eberlin is Warden at BeCI; Defendants Nesbett is the healthcare supervisor at BeCI and Defendant Reighli is the Institutional Inspector at BeCI.

active unconstitutional behavior.  Liability under this theory must be based upon more than a mere right to control employees and cannot be based upon simple negligence." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

The Court concludes that Plaintiff has failed to state a valid basis for relief against Defendants Collins, DesMarais, Parks, Bradshaw, Viets, Hannah, Eberlin, Nesbett and Reighli under § 1983.  Plaintiff's allegation that the Defendants failed to prevent allegedly unconstitutional conduct is an insufficient theory of liability.  Thus, the motion to dismiss these Defendants is meritorious.

Defendants John Doe # 1-5 are unnamed physicians who allegedly provided medical treatment to Plaintiff regarding his shoulder.  These Defendants move to dismiss Plaintiff's *Amended Complaint* for failure to satisfy the requirement of Fed. R. Civ. P. 4(m).  Rule 4(m) requires that service of process be made within 120 days after filing the complaint.  Dismissal of all claims against unserved defendants is appropriate unless the Plaintiff shows "good cause" for the failure to meet the requirement.  Plaintiff does not articulate any basis for failure to comply with Rule 4(m).  Accordingly, the Court finds that dismissal of the claims against the "John Doe Defendants" is appropriate.

The only remaining Defendant is "Dr. Juan," who treated Plaintiff for his alleged shoulder injury.  Plaintiff appears to allege a claim of deliberate indifference claim against this defendant. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  "A constitutional claim for deliberate indifference to serious medical needs requires a showing of

objective and subjective components." *Phillips v. Roane County*, 534 F.3d 531, 539 (2008). Plaintiff must show the existence of a "sufficiently serious medical need to satisfy the objective component." *Id.* The United States Court of Appeals for the Sixth Circuit has explained that a condition is "sufficiently serious" when the need for medical care is obvious even to a lay person. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir. 2004). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The requisite state of mind "entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Not every claimed denial of adequate medical treatment constitutes a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 105. The United States Court of Appeals for the Sixth Circuit distinguishes "between cases where a complaint alleges a complete denial of medical care and those cases where the claim is that the prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that actually sound in state tort law. *Id.*

The allegations contained in Plaintiff's *Amended Complaint* amount to a dispute over the adequacy of medical treatment regarding Plaintiff's alleged shoulder injuries. Plaintiff received numerous consultations with orthopedic specialists for his shoulder pain. According to Plaintiff,

one unnamed physician stated that surgery could be performed but most of the unnamed physicians, including "Dr. Juan," Chief Medical Director at GCI, did not recommend surgery. Plaintiff claims that the failure to perform surgery amounts to deliberate indifference to Plaintiff's serious medical needs.

The Court finds that Plaintiff's allegations fail to state a basis for relief under the Eighth Amendment deliberate indifference standard. A difference in opinion as to medical treatment does not provide a basis for liability. *Estelle v. Gamble*, 429 U.S. at 107. Furthermore, where, as here, Plaintiff has received some medical attention, the Court will not second-guess the medical decisions made as to the adequacy of treatment. *Westlake*, 537 F.2d at 860 n.5. Thus, the Court concludes that dismissal of Plaintiff's Eighth Amendment claim is warranted.

Plaintiff has also asserted a state law claim of intentional infliction of emotional distress. Under Ohio law, however, every state employee is entitled to immunity under O.R.C. §9.86 unless and until the Ohio Court of Claims first determines that the employee is not entitled to that immunity. O.R.C. § 2743.02(F); *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Because the record in this action does not reflect such a determination by the Ohio Court of Claims, "there is no cause of action cognizable under Ohio law over which the district court can assert pendent jurisdiction." *Id.* Accordingly, dismissal of plaintiff's state law claim is therefore appropriate.

### III.

Plaintiff moved to strike Defendants' *Motion for Judgment on the Pleadings* as untimely. *Motion to Dismiss*, Doc. No. 64. However, on October 6, 2009, the Court extended the

dispositive motion filing deadline to December 30, 2009. *Order*, Doc. No. 57. Consequently, Defendants' December 8, 2009, *Motion for Judgment on the Pleadings* is not untimely. Plaintiff's motion, Doc. No. 64, is **DENIED.**

Plaintiff has filed a *Motion to Compel Discovery*, Doc. No. 59, and Defendants have filed a *Motion to Stay Discovery*, Doc. No. 60. In light of the Court's recommended decision on in Defendants' *Motion for Judgment on the Pleadings*, these motions are **DENIED AS MOOT.**. Plaintiff's *Motion Requesting Court to Direct Clerks Office to Copy Motions and Forward to Defense Counsel*, Doc. No. 58, is also **DENIED AS MOOT.**

In light of the foregoing, it is **RECOMMENDED** that the Defendants' *Motion for Judgment on the Pleadings*, Doc. No. 62, be **GRANTED**. The remaining motions filed by the parties, Doc Nos. 58, 59, 60, and 64 are **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Foundation of*

*Teachers, Local 231, etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**June 21, 2010**           *s/ Norah McCann King*
**DATE**                    **NORAH McCANN KING**
                            **UNITED STATES MAGISTRATE JUDGE**